**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Christopher Noel Ladd and<br>Donna Lynn Ladd,<br><br>    Debtors. | C/A No. 10-05226-dd<br><br>Adv. Pro. No. 12-80238-dd<br><br>Chapter 7 |
| Michelle L. Vieira, as Chapter 7 Trustee<br>For Debtors Christopher Noel Ladd<br>and Donna Lynn Ladd,<br><br>    Plaintiff,<br><br>v.<br><br>CertusBank, N.A. and Price, Pyles,<br>Dangle, Parmer & Rooks, P.C.,<br><br>    Defendants. | **ORDER ON MOTION FOR**<br>**JUDGMENT ON THE PLEADINGS** |

This matter is before the Court on a motion for judgment on the pleadings filed by defendant Price, Pyles, Dangle, Parmer & Rooks ("PPDPR"). The plaintiff, Michelle L. Vieira, as chapter 7 trustee for debtors Christopher Noel Ladd and Donna Lynn Ladd ("Plaintiff"), responded in opposition. PPDPR submitted a reply in support of its motion, and defendant CertusBank, N.A. ("CertusBank") joined in the motion. The Court held a hearing on May 21, 2013. After careful consideration of the applicable law and arguments of counsel, the Court finds as follows with respect to the motion before it.

## FACTS

According to Plaintiff's amended complaint, the Ladds obtained a loan ("Loan 1") from CertusBank, as successor in interest to First Georgia Banking Company, on September 12, 2005, in the amount of $27,683. Loan 1 was secured by a Ford Explorer. On May 25, 2006, the Ladds

1

obtained another loan ("Loan 2") from CertusBank in the amount of $77,408.35. Plaintiff alleges that CertusBank represented to the Ladds that Loan 2 would consolidate Loan 1 and that it would only be secured by a Chevrolet Tahoe. Eventually, CertusBank allegedly charged off Loan 1, repossessed the Ford Explorer, sold it for $3,708, and applied this amount to the balance of Loan 1. Plaintiffs allege that various loan documents for Loan 2 contain forgeries of the Ladds' signatures, including a security deed for real property the Ladds owned at 925 White Oak Drive, Newnan, Georgia. The security deed was recorded on July 10, 2006. According to the amended complaint, the loan proceeds, minus total settlement charges, were $76,408.35. These funds went back to CertusBank but were not used to pay off Loan 1. Rather, these funds, in whole or in part, were allegedly converted to CertusBank's own use.

On June 8, 2006, the Ladds obtained another loan from CertusBank in the amount of $21,139.70, which was secured by a boat ("Loan 3"). Eventually, CertusBank repossessed the boat, sold it, and applied the proceeds to the balance of Loan 3. Also on June 8, 2006, the Ladds, who allegedly were unaware of the security deed, sold their real property.

Plaintiff alleges that "[a]t the time the Bank provided Loan 2, it knew that the Ladds had had difficulty making payments on Loan 1, and at the time it provided Loan 3, it knew the Ladds had had difficulty making payments on both Loans 1 and 2." Additionally, according to Plaintiff, "[t]he Bank continued to provide loans to the Ladds, knowing they could not make payments, so that the Bank could bombard the Ladds with late charges on all three notes, and eventually repossess the collateral for such notes; such collateral including the fraudulently obtained security interest in real property owned by the Ladds."

On February 10, 2009, PPDPR filed a lawsuit on behalf of CertusBank against the Ladds in Carroll County, Georgia ("Carroll County action"). In the Carroll County action, CertusBank

2

alleges that the Ladds fraudulently disposed of collateral securing Loan 2 and asserts causes of action for breach of promissory note, conversion, and attorney's fees. Plaintiff alleges the Carroll County action was filed at a time when Christopher Ladd was on active military duty. Because of the allegations in the Carroll County action, Plaintiff asserts that Christopher Ladd's security clearance in the military was revoked, which resulted in him missing a military promotion.

The Ladds filed bankruptcy under chapter 7 of the Bankruptcy Code on July 22, 2010. CertusBank, through PPDPR, filed a proof of claim for the debts it is allegedly owed. Plaintiff alleges that on July 5, 2011, PPDPR represented to her that the Ladds executed a security deed.

In this adversary proceeding initiated on October 29, 2012, Plaintiff alleges the following causes of action against PPDPR: violation of the Fair Debt Collection Practices Act, violation of the Soldiers' and Sailors' Civil Relief Act, and abuse of process. She also asserts several causes of action against both CertusBank and PPDPR, including violation of the Georgia Residential Mortgages Act, forgery, and conspiracy. The following causes of action are asserted against CertusBank only: fraudulent misrepresentation, negligent misrepresentation, breach of contract by fraudulent act, and conversion.

## Legal Standard

The standard for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), made applicable by Bankruptcy Rule 7012, is the same as the standard for a motion to dismiss under Rule 12(b)(6) with the only real difference being that the Court considers the answer and the complaint. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 405 (4th Cir. 1998)); *Voss*

3

*v. Pujdak* (*In re Pujdak*), 462 B.R. 560, 579-80 (Bankr. D.S.C. 2011). Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards*, 178 F.3d at 243. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see also Harman v. Unisys Corp.*, 356 Fed. Appx. 638, 640 (4th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## ANALYSIS

**A. Immunity**

PPDPR asserts it should be granted judgment on the pleadings because it was acting on behalf of its client during the events alleged in the amended complaint and is, therefore, immune from liability. *See Gaar v. N. Myrtle Beach Realty Co.*, 339 S.E.2d 887, 889 (S.C. Ct. App. 1986) ("In our opinion, the better rule is that an attorney is immune from liability to third persons

4

arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client. Accordingly, an attorney who acts in good faith with the authority of his client is not liable to a third party in an action for malicious prosecution."). Plaintiff argues in response that PPDPR is not immune because attorneys may be held liable when acting on behalf of their clients where they act in bad faith, act for their own personal interest outside the scope of representation, or breach an independent duty to a third person. *See Douglass ex rel. Louthian v. Boyce*, 519 S.E.2d 802, 806 (S.C. Ct. App. 1999); *Stiles v. Ontario*, 457 S.E.2d 601, 602 (S.C. Ct. App. 1995).

Assuming without deciding that PPDPR was involved in the forgery alleged in the amended complaint or knew documents were forged when it filed the Carroll County action, the Court does not conclude at this stage of the proceedings that it is entitled to the immunity set forth in *Gaar*. Assuming such circumstances to be true, PPDPR may not have been acting in good faith. Moreover, it may have breached an independent duty to a third person because all persons seemingly have a duty not to make fraudulent statements to others. The amended complaint is deficient at this stage because it does not allege PPDPR knew there were forged documents when it filed the Carroll County action and does not allege how PPDPR was involved in the issuance of Loan 2. It simply states that an attorney at PPDPR or an employee at CertusBank must have forged the documents but does not indicate how PPDPR was involved in the transaction. Plaintiff will be given an opportunity to correct these deficiencies.

**B. Fair Debt Collection Practices Act**

PPDPR asserts it should be granted judgment on the pleadings as to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim because the applicable statute of limitations bars the claim. An action to enforce any alleged liability under the FDCPA must be brought "within one

5

year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). With respect to Christopher Ladd, the amended complaint alleges that he was on active military duty at the time the Carroll County action was filed but does not indicate when his military service ended. Under 50 U.S.C. app. § 526(a), "[t]he period of a servicemember's military service may not be included in computing any period limited by law . . . for the bringing of any action or proceeding in a court . . . ." As for Donna Ladd, PPDPR argues that the tolling provision of section 526(a) does not apply to spouses of servicemembers and cites case law in support. *See Lester v. United States*, 487 F. Supp. 1033, 1039 (N.D. Tex. 1980); *Card v. Am. Brands Corp.*, 401 F. Supp. 1186, 1187 (S.D.N.Y. 1975); *Wanner v. Glen Ellen Corp.*, 373 F. Supp. 983, 986 (D. Vt. 1974). Plaintiff makes no argument and cites no authority to the contrary. Additionally, PPDPR asserts that the limitations began to run on Plaintiff's FDCPA claim on February 10, 2009, which is the date the Carroll County action was filed, or July 5, 2011, which is the date PPDPR made the alleged representation to Plaintiff that the Ladds executed a security deed. Aside from asserting the limitations period was tolled for Christopher Ladd under section 526(a), Plaintiff makes no argument that a different date applies. Given that this adversary proceeding was filed on October 29, 2012, the Court finds that Plaintiff's FDCPA claim is barred by the one-year limitations period set forth in 15 U.S.C. § 1692k(d) to the extent she seeks relief on behalf of Donna Ladd. Applying section 526(a), the Court does not find, based only on the pleadings and arguments before it, that the limitations period has ran on the FDCPA claim Plaintiff alleges on behalf of Christopher Ladd.

PPDPR also argues that Plaintiff has failed to properly allege a violation of the FDCPA. In essence, viewed as a whole, the amended complaint alleges that PPDPR attempted to collect a debt, and in doing so, represented the debt was secured by real property that had been

6

fraudulently conveyed to another person when, in actuality, the document that created the security interest was forged. Consequently, the Court finds that the amended complaint, when viewed in its entirety, adequately sets forth a cause of action for violation of the FDCPA.

## C. Georgia Residential Mortgages Act and Forgery

PPDPR asserts that it should be granted judgment on the pleadings with respect to Plaintiff's cause of action for violation of the Georgia Residential Mortgages Act because no private cause of action arises under that Act. PPDPR also argues there is no cause of action for forgery under South Carolina or Georgia law. CertusBank argues dismissal of these causes of action is appropriate for these same reasons. Plaintiff does not dispute the contentions of PPDPR and CertusBank in this regard but simply argues "the essence of the claims are that the conduct complained of gives a right to relief by the Plaintiff against those responsible for the improper conduct of the Defendants, including PPDPR." She then cites slander of title or deceit under Georgia law as examples of causes of action. *See* Ga. Code Ann. §§ 51-9-11; 51-6-2.

The defendants should not have to guess what Plaintiff meant to assert under the causes of action labeled forgery and violation of the Georgia Residential Mortgages Act in the amended complaint. Therefore, Plaintiff shall have fourteen days from the entry date of this Order to file a second amended complaint asserting proper causes of action instead of forgery and violation of the Georgia Residential Mortgages Act. In doing so, she should plead causes of action under the substantive law of the appropriate state to the extent she asserts state law causes of action.[1] She

---

[1] "It is well settled that a federal court sitting in diversity applies the conflict of laws provisions of the forum state, here South Carolina, if it does not violate due process to do so under the facts of the particular case." *Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 87 (4th Cir. 1989) (citation omitted). While this Court's subject matter jurisdiction is not founded entirely on diversity in this case, the Court sees no reason and the parties have presented no reason why this principle should not govern the state law causes of action asserted in this case. "Under South Carolina law when an action is brought in one jurisdiction for a tort which caused

7

should also be mindful that her amended complaint already contains causes of action for fraudulent misrepresentation and negligent misrepresentation against CertusBank. In addition, Federal Rule of Civil Procedure 9(b) requires fraud to be pleaded with particularity.

**D. Servicemembers Civil Relief Act**

PPDPR argues it should be granted judgment on the pleadings on Plaintiff's Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 501 *et seq.*, cause of action because Plaintiff has failed to set forth a cause of action under the SCRA upon which relief can be granted. Plaintiff alleges in the amended complaint that PPDPR violated the SCRA by filing the Carroll County action while Christopher Ladd was an active servicemember. PPDPR argues that simply filing a lawsuit against a person while he or she is an active servicemember does not constitute a violation of the SCRA. Plaintiff neither addressed this issue in its response to PPDPR's motion nor identified a provision in the SCRA that makes it unlawful to file against an active servicemember the lawsuit that was filed in Carroll County.

Plaintiff is hereby directed to review the SCRA and determine whether she has a cause of action for violation of one of SCRA's provisions. If she believes she has a cause of action, she may plead it in the second amended complaint but should clearly indicate what provision of the SCRA she believes was violated.

**E. Conspiracy**

With respect to Plaintiff's conspiracy cause of action, the defendants argue they should be granted judgment on the pleadings because Plaintiff has "merely realleged the prior acts

---

injury in another jurisdiction, the substantive law is determined by the law of the state in which the injury occurred and procedural matters by the law of the forum." *Id.* "In the case of fraudulent misrepresentation, the law of the place of the wrong (lex loci delicti) controls." *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 455 (S.C. Ct. App. 1997). "The place of the wrong is not where the misrepresentations were made but where the plaintiff, as a result of the misrepresentation, suffered a loss." *Id.*

8

complained of in [her] other causes of action as a conspiracy action [and] failed to plead additional acts in furtherance of the conspiracy." *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 31 (S.C. Ct. App. 2000); *see also Robinson v. Metts*, 86 F. Supp. 2d 557, 563 (D.S.C. 1997); *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009). The defendants also assert the amended complaint is deficient because Plaintiff has not pleaded special damages resulting from the alleged conspiracy. *See Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006) (citing *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989)); *Hackworth*, 682 S.E.2d at 875. Additionally, the defendants advance that Plaintiff's conspiracy claim is barred by the applicable statute of limitations, which they assert is three years under South Carolina Code Annotated Section 15-3-530(5). The defendants argue the limitations began to run on Plaintiff's conspiracy no later than on or about February 10, 2009, which is when the Carroll County action was filed. Again, this adversary proceeding was filed on October 29, 2012.

Aside from asserting that the statute of limitations for the conspiracy claim Plaintiff alleges on behalf of Christopher Ladd was tolled by 50 U.S.C. app. § 526(a). Plaintiff has not addressed the defendants' arguments in her response. Regardless of whether South Carolina substantive law or Georgia substantive law applies to Plaintiff's conspiracy cause of action, the statute of limitations set forth under South Carolina law governs because statutes of limitation are procedural. *See Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 87-88 (4th Cir. 1989). Plaintiff has not argued that a different limitations period, other than three years, applies or that the limitations period began to run on a different date than that which the defendants advance. Therefore, judgment on the pleadings is granted to the extent Plaintiff has brought a conspiracy claim on behalf of Donna Ladd. Plaintiff shall have an opportunity to file a second amended

9

complaint asserting a conspiracy claim on behalf of Christopher Ladd. If she chooses to and is able to allege a cause of action for conspiracy, her pleading should be consistent with the substantive law of the appropriate state.

**F. Abuse of Process**

As for the Plaintiff's abuse of process cause of action, PPDPR argues it should be granted judgment on the pleadings because the claim is barred by applicable statute of limitations, which PPDPR asserts is three years under South Carolina Code Annotated Section 15-3-530(5). Again, aside from advancing Christopher Ladd is entitled to the protections of 50 U.S.C. app. § 526(a), Plaintiff has not asserted a different limitations period applies or that the limitations period began to run on a different date other than on or about February 10, 2009, when the Carroll County action was filed. Consequently, judgment on the pleadings is granted to PPDPR with respect to Plaintiff's abuse of process claim to the extent her claim is on behalf of Donna Ladd.

PPDPR also asserts Plaintiff's amended complaint is deficient because her abuse of process claim does not "assert how the process was perverted or abused." *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 567 S.E.2d 251, 255 (S.C. Ct. App. 2002). Viewing the amended complaint in its entirety, Plaintiff alleges that PPDPR filed the Carroll County lawsuit based on some documents that were forged but does not clearly allege that PPDPR knew the documents were forged. Neither party has sufficiently briefed the issue of whether an attorney filing a lawsuit on behalf of a client with knowledge that some of the evidence upon which the lawsuit is based has forged signatures can serve as a viable basis for an abuse of process cause of action. Plaintiff shall have an opportunity to file a second amended complaint in which she may again assert a cause of action for abuse of process on behalf of Christopher Ladd and, in doing so, make appropriate amendments to the cause of action.

**CONCLUSION**

For the reasons set forth herein, judgment on the pleadings is granted to the defendants with respect to the Fair Debt Collection Practices Act, conspiracy, and abuse of process causes of action Plaintiff asserts on behalf of Donna Ladd. Plaintiff shall have fourteen (14) days from the entry date of this Order to file a second amended complaint correcting the deficiencies described in this Order. Additionally, in the amended complaint, Plaintiff demands a jury trial and consents to a jury trial conducted by a bankruptcy judge. Many if not all of the causes of action asserted in the amended complaint appear to be non-core proceedings and implicate issues raised in *Stern v. Marshall*, -- U.S. --, 131 S. Ct. 2594 (2011). If the same is true of the second amended complaint, the defendants should indicate in their answers whether they consent to final orders or a final judgment being entered by this Court. *See* 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 7012(b).

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/09/2013**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 08/12/2013